IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAYRIYE BERIL GOK, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE UNITED STATES OF | : | |
| AMERICA *et al.*, | : | |
| *Defendants* | : | No. 22-4838 |

## MEMORANDUM

PRATTER, J.                                                              FEBRUARY 10, 2023

Plaintiff Hayriye Beril Gok, who is proceeding *pro se*, brings this civil action asserting claims relating to the defendants' alleged interference with her prior lawsuits, the alleged kidnapping of her minor child resulting from a state court custody order, and the alleged abuse of her minor child. Pending before the Court is Ms. Gok's motion for leave to file an amended complaint under Federal Rule of Civil Procedure 15. For the following reasons, the Court will deny Ms. Gok's motion.

### BACKGROUND

On December 3, 2022, Ms. Gok filed her original complaint. She has since filed thirteen motions for leave to amend her complaint under Federal Rule of Civil Procedure 15. With each motion, Ms. Gok filed a newly amended complaint. This Court will consider only Ms. Gok's most recently filed motion and Amended Complaint, which were filed on February 7, 2023, and will deem the other pending motions for leave to amend moot. In the over 500-page Amended Complaint, in which Ms. Gok asserts over 2,200 allegations, Ms. Gok names at least 40 defendants, including President Joseph Biden, select members of the Supreme Court, Pope Francis, various other federal, state, and city departments and officials, and local lawyers and law firms. Ms. Gok

1

also asserts a total of 46 counts against the defendants. A majority of these counts assert violations of criminal statutes. The remaining counts assert civil claims including multiple constitutional violations.

## LEGAL STANDARD

The Court notes that Ms. Gok's *pro se* motion will be "liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). *Pro se* litigants are "held to less stringent standards than trained counsel," *id.* (internal quotation marks omitted), and the Court stands prepared to "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Holley v. Dep't of Veteran Affs.*, 165 F.3d 244, 248 (3d Cir. 1999).

Federal Rule of Civil Procedure 15 instructs that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend should be "freely given" where amendment would not be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P. 15(a)(2). "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (internal quotation marks omitted).

"Courts can deny leave to amend if the proposed amended pleading violates Rule 8." *Rosado v. Dugan*, No. 19-cv-5068, 2022 WL 19257, at *3 (E.D. Pa. Jan. 3, 2022) (Pappert, J.); *cf. Jackson v. Sec. Pa. Dep't of Corr.*, 438 F. App'x 74, 75 (3d. Cir. 2011) (per curiam) (citing Rule 8(a)(2) and (d)(1) in affirming the district court's dismissal of a *pro se* plaintiff's amended complaint). Federal Rule of Civil Procedure 8 provides that "a claim for relief must contain . . . a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *Pro se* complaints that are "rambling and unclear," or contain excessive, unnecessarily detailed

2

allegations have been dismissed for "fail[ing] to meet the pleading standards set forth in Rule 8(a)." *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011); *accord Brejcak v. Cnty. of Bucks*, No. 03-cv-4688, 2004 WL 377675, at *2–4 (E.D. Pa. Jan. 28, 2004) (holding 216-paragraph, 35-page complaint was excessive under notice pleading); *Drysdale v. Woerth*, No. 98-cv-3090, 1998 WL 966020, at *2 (E.D. Pa. Nov. 18, 1998) (holding 93-paragraph complaint violated Rule 8).

## DISCUSSION

The Court will deny Ms. Gok's motion for leave to amend for three reasons: (1) Ms. Gok lacks standing to assert criminal violations; (2) many of the defendants are likely immune from suit under the Eleventh Amendment, or are shielded by absolute, qualified, or judicial immunity; and (3) to the extent that any of Ms. Gok's claims remain against any of the defendants, it would be futile to allow Ms. Gok to amend her complaint.

The bulk of the counts alleged in Ms. Gok's Amended Complaint assert criminal violations under Title 18 of the United States Code. Courts have consistently held that *pro se* plaintiffs lack standing to assert criminal violations. *See, e.g., Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone . . . ."); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Jones v. Sussex Corr. Inst.*, 725 F. App'x 157, 159 n.3 (3d Cir. 2017) ("[Plaintiff's] amended complaint brings claims under a long list of nearly forty statutes. Almost all are under Title 18, and do not even provide for a private right of action . . . ."); *Edwards v. Hessenthaler*, No. 20-cv-307, 2020 WL 959289, at *1 n.1 (E.D. Pa. Feb. 27, 2020) ("[Plaintiff] cites various criminal statutes in his Complaint. To the extent he intended to raise claims under those statutes, his claims are dismissed as legally frivolous.").

Ms. Gok lacks standing to assert the multitude of criminal violations to which she cites in her Amended Complaint. The Court will deny with prejudice Ms. Gok's motion for leave to amend as to any alleged criminal violations.

The remaining counts in Ms. Gok's Amended Complaint assert a number of civil claims against the laundry list of named defendants. Many of these defendants are immune from suit under the Eleventh Amendment because they are state agents.[1] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Eleventh Amendment immunity extends to "unconsented suits brought by a State's own citizens." *Tennessee v. Lane*, 541 U.S. 509, 517 (2004). Further, the immunity provided by the Eleventh Amendment "encompasses not only actions in which a State is actually named as a defendant, but also certain actions against state agents and state instrumentalities." *Regents of Univ. of Ca. v. Doe*, 519 U.S. 425, 429 (1997); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 545 (3d Cir. 2007) (recognizing that immunity provided by the Eleventh Amendment extends to "entities that are considered arms of the state").

The Court will deny with prejudice Ms. Gok's motion for leave to amend to the extent the defendants are state agents that are immune from suit under the Eleventh Amendment.

---

[1] The defendants that will be immune under the Eleventh Amendment include the Office of Pennsylvania Attorney General; the Commonwealth of Pennsylvania; the Pennsylvania Attorney General, (the Pennsylvania Governor elect) Josh Shapiro; the District Attorney of Philadelphia, Lawrence Samuel Krasner; the Office of the District Attorney of Philadelphia; Detective Gomez, Private Criminal Complaint Unit, the Office of the District Attorney of Philadelphia; the Commonwealth of Pennsylvania; the Philadelphia Municipal Court, Criminal Division and its judges, Judge Matthew Wolf, and the President Judge Patrick F. Dugan; the Commonwealth of Pennsylvania Judicial Conduct Board; the Pennsylvania of Health and Human Services; the Philadelphia Family Court, Philadelphia Family Court Administrative Judge Margaret Theresa Murphy, and its Judges and Officials, including Judge Mark B. Cohen, JudgeOurania Papademetriou Esq., Betsy Jo Wahl, and Joscelyn T Gossett.

Among the civil claims that Ms. Gok asserts are seven constitutional violations asserted under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A number of the defendants will be shielded from liability in these claims because of absolute, qualified, or judicial immunity.[2] In *Nixon v. Fitzgerald*, 457 U.S. 731, 749, 756 (1982), the Supreme Court of the United States held that the President of the United States has absolute immunity from damages liability predicated on his official acts and for acts within the "outer perimeter" of his official responsibility. The Supreme Court has also held that federal executive officials are entitled to qualified immunity when charged with constitutional violations. *Butz v. Economou*, 438 U.S. 478, 507–08 (1978). Finally, the Supreme Court of the United States has held that under the doctrine of judicial immunity, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978).

These immunities will likely shield numerous defendants from Ms. Gok's claims. The Court will therefore deny with prejudice Ms. Gok's motion for leave to amend to the extent the defendants are shielded from liability by absolute, qualified, or judicial immunity.

Finally, to the extent any claims remain against any of the named defendants, the Court will deny without prejudice Ms. Gok's motion to amend her complaint because of the apparent frivolity of Ms. Gok's claims. Federal Rule of Civil Procedure 15 provides that leave to amend

---

[2] The defendants that will be shielded from liability in these claims because of absolute, qualified, or judicial immunity include Joseph Robinette Biden Jr., the 46th President of the United States of America; the US Supreme Court Justice, Clarence Thomas; the US Supreme Court Justice, Samuel A. Alito, Jr.; the US Supreme Court Justice, Neil M. Gorsuch; the US Supreme Court Justice, Brett M. Kavanaugh; the US Supreme Court Justice, Amy Coney Barrett; the US Department of Justice, the US Attorney General Merrick Garland; the Federal Bureau of Investigation; and the US Director of the Federal Bureau of Investigation Christopher Asher Wray.

should be "freely given" where amendment would not be futile. *Foman*, 371 U.S. at 182; *see also* Fed. R. Civ. P. 15(a)(2). A complaint may be considered futile where it fails to state a claim upon which relief can be granted, *In re Burlington*, 114 F.3d at 1434, or where it has no sound basis in fact or law. *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991). Upon review of Ms. Gok's 500-page complaint and her more than 2,200 allegations, it is apparent that it would be futile to allow Ms. Gok to amend her complaint. Ms. Gok's lengthy complaint is full of conclusory allegations and legal conclusions. However, Ms. Gok fails to allege facts which are sufficient to state a claim for relief as to any of the civil claims. It is not apparent from the complaint specifically what the named defendants did such that the Court can sustain Ms. Gok's claims against the defendants.

Moreover, pursuant to Federal Rule of Civil Procedure 8, Ms. Gok's motion for leave to amend will be denied because her Amended Complaint fails to comply with the requirement for a "short and plain statement of the claims." *See Rosado*, 2022 WL 19257, at *3. Ms. Gok's 500-page complaint contains over 2,200 allegations. It is rife with excessive allegations and is at times "rambling and unclear." *See Tillio*, 441 F. App'x at 110. It would be futile to allow Ms. Gok to amend her complaint when the Amended Complaint fails to comply with Rule 8.

It is likely that Ms. Gok's "amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted," thus her motion for leave to amend is futile and must be denied. *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

## Conclusion

For these reasons, the Court will deny Ms. Gok's motion for leave to file an amended complaint with prejudice as to any allegations asserting criminal violations and against any defendants who are immune from liability, and without prejudice as to any remaining civil claims against any remaining defendants. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE