IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAYRIYE BERIL GOK,<br>*Plaintiff* | :<br>:<br>: | CIVIL ACTION |
| v. | :<br>:<br>: | |
| THE UNITED STATES OF<br>AMERICA *et al.*,<br>*Defendants* | :<br>:<br>:<br>: | No. 22-4838 |

### MEMORANDUM

PRATTER, J.                                                                 JUNE     , 2023

Plaintiff Hayriye Beril Gok, who is proceeding *pro se*, brings this civil action asserting claims relating to the defendants' alleged interference with her prior lawsuits, the alleged kidnapping of her minor child resulting from a state court custody order, and the alleged abuse of her minor child. Pending before the Court are Ms. Gok's various motions relating to child custody and child support orders entered by the Philadelphia Family Court. For the following reasons, the Court denies Ms. Gok's motions.

### BACKGROUND

Ms. Gok filed an Emergent Motion for Special Relief (Emergency Custody Order, Restraining Order, and Emergent Order for Cancellation of Child Support), which the Court denied. Ms. Gok has since filed various motions pertaining to this emergent motion and the child support and child custody orders entered by the Philadelphia Family Court which were the subject of the prior motion.[1] In these various motions, Ms. Gok seeks the return of her minor child to her,

---

[1] These motions include Ms. Gok's Emergent Motion for Reconsideration of Special Relief (Emergency Custody Order, Restraining Order, and Emergent Order for Cancellation of Child Support), her Amended Emergent Motion for Reconsideration of Special Relief (Emergency Custody Order, Restraining Order, and Emergent Order for Cancellation of Child Support) With New Evidence, her Motion for Temporary Order for Cessation of Plaintiff's Child Support Payments Until the Custody Case is

1

a restraining order for her and her minor child, and the cancellation of the child custody and child support orders issued by the Philadelphia Family Court. Ms. Gok further asks this Court to pause her payment of child support and medical expenses until the child custody issue is resolved. Ms. Gok also seeks expedited consideration of the motions pertaining to the emergency custody order, the restraining order, and the cancellation of the child support order issued by the Philadelphia Family Court.

## LEGAL STANDARD

The Court notes that Ms. Gok's *pro se* motion will be "liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). *Pro se* litigants are "held to less stringent standards than formal pleadings drafted by lawyers," *id.* (internal quotation marks omitted), and the Court stands prepared to "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Holley v. Dep't of Veteran Affs.*, 165 F.3d 244, 248 (3d Cir. 1999).

## DISCUSSION

"A federal court has an obligation to address a question of subject matter jurisdiction *sua sponte*." *Meritcare, Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("[F]ederal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte* . . . ."). Therefore, it is proper for the Court to consider *sua sponte* whether the *Rooker-Feldman* doctrine, or the

---

Finalized, two Motions for Expedited Consideration for Special Relief (Emergency Custody Order, Restraining Order, and Emergent Order for Cancellation of Child Support), and two Motions for Expedited Consideration for Special Relief Reversal of the Orders of Fraud on Court Pursuant to FRCP Rule 60 (Emergency Custody Order, Restraining Order, and Emergent Order for Cancellation of Child Support).

abstention principles announced in *Younger v. Harris*, 401 U.S. 37 (1971), apply because they bear on the Court's obligation to exercise subject matter jurisdiction over the present action. *See Grode v. Mut. Fire, Marine & Inland Ins. Co.*, 8 F.3d 953, 958 (3d Cir. 1993) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)) ("Unless one of the established abstention doctrines applies, federal courts have a 'virtually unflagging obligation' to exercise their properly invoked jurisdiction."); *see also Garry v. Geils*, 82 F.3d 1362, 1364 (7th Cir. 1996) ("Since the *Rooker-Feldman* doctrine is about whether inferior federal courts have the *authority* (i.e., subject matter jurisdiction) to hear a given case, it can be raised . . . *sua sponte* by the court."); *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197 (2d Cir. 2002) (citing *Colo. River*, 424 U.S. at 816 n.22) ("[W]hen *Younger* applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter.").

## I. The *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Named after the two Supreme Court cases that announced it, *Rooker v. Fidelity Trust, Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the doctrine instructs "that the Supreme Court of the United States, and not the lower federal courts, has jurisdiction to review a state court decision." *Parkview Assocs. P'ship v. City of Lebanon*, 225 F.3d 321, 324 (3d Cir. 2000). "*Rooker* and *Feldman* exhibit the limited circumstances in which th[e Supreme] Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority, *e.g.*, § 1330 (suits against foreign states), § 1331 (federal

question), and § 1332 (diversity)." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005).

The Supreme Court has since narrowed the scope of the doctrine, providing that "*Rooker-Feldman* is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers inviting district court review and rejection of the state court's judgments— i.e., it does not apply to harms somehow related to, but not caused by, state court judgments." *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 613 (E.D. Pa. 2014) (quoting *Skinner v. Switzer*, 562 U.S. 521, 532 (2011)) (internal quotation marks omitted). The Third Circuit Court of Appeals has broken down the four requirements for the application of the doctrine as follows:

> (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. *Exxon Mobil*, 544 U.S. at 284, 125 S.Ct. 1517. The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim.

*Great W. Mining & Mineral*, 615 F.3d at 166 (alterations in original).

The Third Circuit has consistently upheld dismissals of claims challenging state-court custody orders under *Rooker-Feldman*. See, e.g., *Marran v. Marran*, 376 F.3d 143, 151 (3d Cir. 2004) ("Even assuming that it is true that no modification of the custody order would occur because of an injunction or an award of damages, granting an injunction or award of damages against Marran would require this Court to find that the Court of Common Pleas erred in finding that the abuse allegations were unfounded. *Rooker-Feldman* bars all of Librett's claims against Marran."); *Young v. Dubow*, 411 F. App'x 456, 458 (3d Cir. 2011) (affirming that plaintiff's claims arising out of a child custody proceeding were barred by the *Rooker-Feldman* doctrine); *McKnight v. Baker*, 244 F. App'x 442, 444–45 (3d Cir. 2007) (concluding that *Rooker-Feldman* prohibited review of a family court order regarding visitation of a minor child); *O'Callaghan v. Harvey*, 233

4

F. App'x 181, 183 (3d Cir. 2007) (holding that claims regarding a state court custody determination "lie squarely within [the] *Rooker-Feldman* doctrine").

However, in *Mikhail*, this Court noted that the application of *Rooker-Feldman* to child custody proceedings was "puzzling" and instead applied *Younger* abstention to the child custody proceedings at issue. 991 F. Supp. 2d at 622, 626–33; *see also Wattie-Bey v. Att'y Gen.'s Off.*, 424 F. App'x 95, 96 (3d Cir. 2011) ("The District Court was correct that *Younger* abstention principles dictated dismissal of the complaint, at least with regard to appellants' claims for prospective injunctive and declaratory relief based on alleged violations of their constitutional rights in the ongoing state court custody proceedings."); *Anthony v. Council*, 316 F.3d 412, 418–19 (3d Cir. 2003) (applying *Younger* abstention to a challenge to a state-court custody order because state "courts are charged with monitoring, enforcing and modifying the child support obligations" throughout the duration of the child support order); *Lyman v. Phila. Ct. of C.P.*, No. 16-cv-5191, 2017 WL 2813228, at * 4 (E.D. Pa. June 29, 2017) ("The Third Circuit has held that federal claims arising out of state child custody proceedings may implicate both the *Rooker-Feldman* doctrine and *Younger* abstention.").

In *Mikhail*, the Court conducted an extensive analysis of whether the application of the *Rooker-Feldman* doctrine was appropriately applied to state-court child custody proceedings. 991 F. Supp. 2d at 621–26. The Court noted that in *Marran*, the primary precedential Third Circuit opinion on this issue, the Third Circuit "explicitly noted 'that litigation regarding custody is still ongoing in the state court,' yet it applied *Rooker-Feldman*." *Id.* at 622 (quoting *Marran*, 376 F.3d at 155). Also relevant to the Court's analysis was *Anthony*, decided just a year before *Marran*, in which the Third Circuit "held that 'the particular nature of child support orders' required the application of *Younger* abstention even though the plaintiffs under those orders may not be

5

'currently appearing or scheduled to appear in any particular child support hearing.'" *Mikhail*, 991 F. Supp. 2d at 622 (quoting *Anthony*, 316 F.3d at 419). The Court reasoned that considering the child custody proceedings "as a whole, rather than as individual, [discrete] hearings" supported the application of *Younger* rather than *Rooker-Feldman*. *Id.* at 623 (citation omitted). Finally, the Court pointed to Pennsylvania state law, which provides that child custody orders are temporary and are subject to ongoing review and modification by the Pennsylvania courts. *See Arnold v. Arnold*, 847 A.2d 674, 677 (Pa. Super. Ct. 2004). For those reasons, "and because Third Circuit case law does not explicitly state that *Rooker-Feldman*, rather than *Younger* abstention, must apply to child custody proceedings," the Court evaluated the child custody proceedings under *Younger*. *Mikhail*, 991 F. Supp. 2d at 625–26.

For the reasons set forth in *Mikhail*, this Court will apply *Younger* abstention, rather than *Rooker-Feldman*, to Ms. Gok's present motions.

## II. *Younger* Abstention

"Under the *Younger* abstention doctrine, federal courts must refrain from interfering with three types of state proceedings: (1) state criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Altice USA, Inc. v. N.J. Bd. of Pub. Utils.*, 26 F.4th 571, 576 (3d Cir. 2022) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013)) (internal quotation marks omitted); *accord Younger v. Harris*, 401 U.S. 37 (1971). "Child custody proceedings fall into the third category and are a 'strong candidate for *Younger* abstention.'" *Nellom v. Ambrose*, No. 22-cv-1283, 2022 WL 4120265, at *1 (E.D. Pa. Sept. 9, 2022) (quoting *Smith v. Harrison*, No. 21-cv-5120, 2022 WL 445757, at *4 (E.D. Pa. Feb. 14, 2022)); *see also Wattie-Bey*, 424 F. App'x at 97; *Mikhail*, 991 F. Supp. 2d at 626.

6

*Younger* abstention is only appropriate where the relevant proceedings are "pending." *See Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992). The Third Circuit Court of Appeals and this Court have concluded that child custody proceedings are "ongoing" or "pending" for purposes of *Younger* abstention. *See, e.g., Anthony*, 316 F.3d at 419–21; *Mikhail*, 991 F. Supp. 2d at 627–28; *see also Karis v. Karis*, 544 A.2d 1328, 1331 (Pa. 1988) ("The language of the statutory sections is plain and unambiguous; the words allow for modification of any existing custody order *any time* the best interest of the child requires such.").

Here, *Younger* abstention is applicable to Ms. Gok's motions because she seeks federal intervention in her child custody proceedings currently pending in the Philadelphia Family Court. Thus, the Court must consider whether "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Child custody proceedings satisfy each of these conditions. First, child custody proceedings are ongoing because "[b]y their nature child custody proceedings are viewed as a whole, rather than as discrete hearings and decisions," *Nellom*, 2022 WL 4120265, at *2, and child custody orders can be reviewed or modified by the Pennsylvania state courts any time such review is warranted, *Karis*, 544 A.2d at 1331–32. Further, Ms. Gok's filings suggest that the child custody proceedings at issue in her motions are actively ongoing.[2] Second, child custody proceedings implicate important state interests. *Nellom*, 2022 WL 4120265, at *2 (citing *Mikhail*, 991 F. Supp. 2d at 628; *Smith*, 2022 WL 445757, at *4) (providing that "[c]ourts in this circuit routinely find that child custody arrangements implicate important state interests"). Finally, Ms. Gok can seek relief in

---

[2] In two of her recently filed motions, Ms. Gok mentions that a child custody hearing took place on June 6, 2023, suggesting that the child custody proceedings at issue are actively ongoing.

7

state court regarding these orders, and she has not shown any procedural grounds which would bar her claims. *See Lazaridis v. Wehmer*, 591 F.3d 666, 670-71 (3d Cir. 2010) (explaining that *Younger* requires only an opportunity to present federal claims in state court, and the burden rests with plaintiff to show that state procedural law bars presentation of the claims).

Where the *Younger* requirements are satisfied, as they are here, the Court may refrain from abstaining if the "plaintiff can establish that (1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted." *Schall*, 885 F.2d at 106. Although Ms. Gok appears to argue that the child custody order and the child support order at issue are fraudulent and that the Philadelphia Family Court has violated her constitutional due process rights, her arguments are rambling, unclear, and lack sufficient factual support. This is not enough for the Court to refrain from applying *Younger*. *See Mikhail*, 991 F. Supp. 2d at 630 (quoting *Kirschner v. Klemons*, 225 F.3d 227, 236 (2d Cir. 2000)) ("'[A] plaintiff seeking to avoid *Younger* must affirmatively demonstrate the justification for application of an exception'; thus, '[m]ere conclusory allegations of bias are insufficient to overcome *Younger*' abstention.") Thus, the Court will abstain under *Younger*.

## Conclusion

For these reasons, the Court will deny with prejudice Ms. Gok's Amended Emergent Motion for Reconsideration of Special Relief (Emergency Custody Order, Restraining Order, and Emergent Order for Cancellation of Child Support) With New Evidence, her Motion for Temporary Order for Cessation of Plaintiff's Child Support Payments Until the Custody Case is Finalized, her two Motions for Expedited Consideration for Special Relief (Emergency Custody Order, Restraining Order, and Emergent Order for Cancellation of Child Support), and her two

8

Motions for Expedited Consideration for Special Relief Reversal of the Orders of Fraud on Court Pursuant to FRCP Rule 60 (Emergency Custody Order, Restraining Order, and Emergent Order for Cancellation of Child Support). An appropriate order follows.

BY THE COURT:

**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**