IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAYRIYE BERIL GOK, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| THE UNITED STATES OF AMERICA *et al.*, *Defendants* | : : : | No. 22-4838 |

## MEMORANDUM

PRATTER, J.                                                                                        JUNE 22, 2023

Plaintiff Hayriye Beril Gok, who is proceeding *pro se*, brings this civil action asserting claims relating to the defendants' alleged interference with her prior lawsuits, the alleged kidnapping of her minor child resulting from a state court custody order, and the alleged abuse of her minor child. Pending before the Court is Ms. Gok's motion for reconsideration of the February 9, 2023 Order denying Ms. Gok's motion for leave to amend her complaint, and for leave to file an amended complaint under Federal Rules of Civil Procedure 15 and 60. For the following reasons, the Court denies Ms. Gok's motion.

### BACKGROUND

On December 3, 2022, Ms. Gok filed her original complaint. She then filed thirteen motions for leave to amend her complaint under Federal Rule of Civil Procedure 15. The Court denied Ms. Gok's motion for leave to amend, filed on February 7, 2023, for three reasons: (1) Ms. Gok lacked standing to assert criminal violations; (2) many of the defendants were immune from suit under the Eleventh Amendment, or were shielded by absolute, qualified, or judicial immunity; and (3) to the extent that any of Ms. Gok's claims remained against any of the defendants, it would

1

have been futile to allow Ms. Gok to amend her complaint. All of the motions for leave to amend which were filed before February 7, 2023 were deemed moot.

Ms. Gok has since filed twelve motions for reconsideration and for leave to file an amended complaint under Federal Rules of Civil Procedure 15 and 60. The Court will consider only the most recently filed of these motions, which was filed on June 10, 2023. In this motion, Ms. Gok seeks reconsideration of the Court's February 9, 2023 Order denying her motion for leave to amend under Rule 60, and again seeks leave to file an amended complaint under Rule 15.

## LEGAL STANDARD

The Court notes that Ms. Gok's *pro se* motion will be "liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). *Pro se* litigants are "held to less stringent standards" than trained counsel, *id.* (internal quotation marks omitted), and the Court must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Holley v. Dep't of Veteran Affs.*, 165 F.3d 244, 248 (3d Cir. 1999).

## DISCUSSION

### I. Motion for Reconsideration

Rule 60 governs relief from a final judgment, order, or proceeding. Fed. R. Civ. P. 60. It provides relief for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Ms. Gok's motion for reconsideration does not specify which subsection(s) of Rule 60(b) she is seeking relief under. However, in her motion, she states as follows:

> Fraud on the court, or fraud upon the court, refers to a situation in which a material misrepresentation has been made to the court. Alternatively, the term could be used to refer to a situation in which a material misrepresentation has been made by the court itself. The overall defining requirement is that the impartiality of the court has been disrupted so significantly that it cannot perform its tasks without bias or prejudice. All of the judges of the Philadelphia Family Court are obligated to reverse the orders of a fraud on the court, when they refuse to do so, all of the judges are cooperating, conspiring and participating in fraud on [the] court.

Mot. for Recons., at ECF 4–5. She then argues that "[p]ursuant to Federal Rule[] of Civil Procedure Rule 60 . . . the federal courts have inherent power over fraud on [the] court [and t]his rule does not limit a court's power to . . . set aside a judgment for fraud on the court." *Id.* at 5. Because Ms. Gok sets forth arguments regarding fraud on the court and misrepresentations made to the court, the Court will construe the motion as seeking relief under Rule 60(b)(3).

Rule 60(b)(3) provides relief for fraud, misrepresentation, or misconduct. To prevail on a Rule 60(b)(3) motion, "the movant must establish that the adverse party engaged in fraud or misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983). "[T]o sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing." *Brown v. Pa. R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960). "Uncorroborated, self-serving statements do not satisfy the 'clear and convincing' standard necessary to sustain a motion under Rule 60(b)(3)." *Umansky v. Melton Int'l Tackle, Inc.*, No. 17-cv-4712, 2019 WL 5418050, at *8 (E.D. Pa. Oct. 23, 2019) (citation omitted).

Ms. Gok has failed to satisfy her burden of proving fraud with clear and convincing evidence. *See Brown*, 282 F.2d at 527. Although she vaguely alleges that the judges of the Philadelphia Family Court, among others, have committed a fraud on the Court, she does not

3

provide any factual support to demonstrate what conduct constitutes fraud. For example, Ms. Gok contends that during a child custody hearing on June 6, 2023, the Philadelphia Family Court Judge and a lawyer present at the hearing knew that there was a fraud on the court and "participated, conspired and cooperated in the fraud [on] the court." Mot. for Recons., at ECF 13. However, she provides no factual support or evidence to prove that these individuals actually committed fraud.

Ms. Gok has not established that she is entitled to relief under Rule 60(b)(3), thus the Court will deny Ms. Gok's motion for reconsideration.

## II. Motion for Leave to Amend

Rule 15 instructs that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend should be "freely given" where amendment would not be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P. 15(a)(2). "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (internal quotation marks omitted).

"Courts can deny leave to amend if the proposed amended pleading violates Rule 8." *Rosado v. Dugan*, No. 19-cv-5068, 2022 WL 19257, at *3 (E.D. Pa. Jan. 3, 2022); *cf. Jackson v. Sec. Pa. Dep't of Corr.*, 438 F. App'x 74, 75 (3d. Cir. 2011) (citing Rule 8(a)(2) and (d)(1) in affirming the district court's dismissal of a *pro se* plaintiff's amended complaint). Rule 8 provides that "a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "A district court may *sua sponte* dismiss a complaint for failure to comply with Rule 8, but dismissal is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise

4

unintelligible that its true substance, if any, is well disguised." *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011) (internal quotation marks omitted). The Third Circuit Court of Appeals has affirmed the dismissal of a *pro se* plaintiff's "rambling and unclear" complaint with prejudice for failing to comply with Rule 8(a) because "[n]one of [plaintiff's] submission to the District Court or to [the] Court [of Appeals] reveals any factual or legal basis for a federal claim," so amendment would be futile. *Id.*

The Court will deny with prejudice Ms. Gok's motion for leave to amend her complaint because of the apparent frivolity of Ms. Gok's claims. Rule 15 provides that leave to amend should be "freely given" where amendment would not be futile. *Foman*, 371 U.S. at 182; *see also* Fed. R. Civ. P. 15(a)(2). A complaint may be considered futile where it fails to state a claim upon which relief can be granted. *In re Burlington*, 114 F.3d at 1434. It is apparent that it would be futile to allow Ms. Gok to amend her complaint. Ms. Gok's lengthy Amended Complaint is full of conclusory allegations and legal conclusions, and Ms. Gok fails to allege facts which are sufficient to state a claim for relief as to any of the claims alleged. Ms. Gok's "amended complaint would [thus] not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Amendment would be futile, so her motion for leave to amend must be denied. *See id.*

Ms. Gok's Amended Complaint also impermissibly asserts criminal violations under Title 18 of the United States Code and Title 18 of Pennsylvania's Consolidated Statutes. In its February 9, 2023 Order denying Ms. Gok's previously filed motion to amend her complaint, the Court denied the motion *with prejudice* "as to any allegations asserting criminal violations." Feb. 9, 2023 Order. Denial was with prejudice because Ms. Gok lacks standing to assert the multitude of criminal violations to which she cites in her Amended Complaint. *See, e.g., Cent. Bank of Denver,*

5

*N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Jones v. Sussex Corr. Inst.*, 725 F. App'x 157, 159 n.3 (3d Cir. 2017); *Edwards v. Hessenthaler*, No. 20-cv-307, 2020 WL 959289, at *1 n.1 (E.D. Pa. Feb. 27, 2020). Ms. Gok was not permitted to re-assert these criminal violations, and for the same reasons as before, she lacks standing to assert such violations.

Moreover, pursuant to Rule 8, Ms. Gok's motion for leave to amend will be denied because her Amended Complaint fails to comply with the requirement for a "short and plain statement of the claims." *See Rosado*, 2022 WL 19257, at *3. Ms. Gok's over 650-page Amended Complaint, which contains more than 3,800 allegations, is "confused, ambiguous, [and] vague" and does not reveal a sufficient factual or legal basis for a federal claim. *Tillio*, 441 F. App'x at 110. Ms. Gok's Amended Complaint fails to comply with Rule 8; thus, the Court denies Ms. Gok's motion for leave to amend. *See e.g., Rosado*, 2022 WL 19257, at *3 (concluding that *pro se* plaintiff's proposed amended complaint failed to comply with Rule 8 because his "claims [were] neither plain nor concise; they [were] disorganized, confusingly labeled and difficult to understand," the amended complaint was "replete with conclusory assertions and characterizations," and it contained "vague, collective claims against defendants instead of describing how each one allegedly harmed [plaintiff]").

## CONCLUSION

For these reasons, the Court denies with prejudice Ms. Gok's motion for reconsideration and for leave to file an amended complaint. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

6