IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAYRIYE BERIL GOK, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| THE UNITED STATES OF AMERICA *et al.*, *Defendants* | : : : : | No. 22-4838 |

## MEMORANDUM

PRATTER, J.                                                                                              JUNE 26, 2023

Plaintiff Hayriye Beril Gok, who is proceeding *pro se*, filed two Motions for Expedited Consideration for a Restraining Order Under Federal Rule of Civil Procedure 65 and 23 Pa. Cons. Stat. § 6102(a), Reversal of the Executive Orders of the President of the United States Joe Biden, and Special Relief Reversal of the Orders of Fraud on the Court Pursuant to Federal Rule of Civil Procedure Rule 60 (Emergency Custody Order, Restraining Order, and Emergent Order for Cancellation of Child Support). For the following reasons, the Court denies Ms. Gok's motions.

### BACKGROUND

On December 3, 2022, Ms. Gok filed her complaint against the United States, the U.S. Department of Justice, Merrick Garland, the Federal Bureau of Investigation, Christopher Wray, the Office of Pennsylvania Attorney General, Josh Shapiro, Lawrence Krasner, the Office of the District Attorney of Philadelphia, and Detective Gomez, asserting claims relating to the defendants' alleged interference with her prior lawsuits and investigations, the alleged kidnapping of her minor child resulting from a state court custody order, and the alleged abuse of her minor child. Since filing her complaint, Ms. Gok has filed dozens of motions. The focus of this memorandum are Ms. Gok's recently filed Motions for Expedited Consideration for a Restraining

1

Order Under Federal Rule of Civil Procedure 65 and 23 Pa. Cons. Stat. § 6102(a), Reversal of the Executive Orders of the President of the United States Joe Biden, and Special Relief Reversal of the Orders of Fraud on the Court Pursuant to Federal Rule of Civil Procedure Rule 60 (Emergency Custody Order, Restraining Order, and Emergent Order for Cancellation of Child Support). The Court construes these motions as seeking a temporary restraining order under Federal Rule of Civil Procedure 65, a protection from abuse order under 23 Pa. Cons. Stat. § 6108, and reconsideration of various orders under Federal Rule of Civil Procedure 60(b).

## LEGAL STANDARD

*Pro se* motions, such as Ms. Gok's, are to be "liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). *Pro se* litigants are "held to less stringent standards" than trained counsel. *Id.* (internal quotation marks omitted). The Court must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name," *Holley v. Dep't of Veteran Affs.*, 165 F.3d 244, 248 (3d Cir. 1999), and should read the self-representing "party's papers liberally and interpret[ ] them to raise the strongest arguments suggested therein." *Hodson v. Alpine Manor, Inc.*, 512 F. Supp. 2d 373, 384 (W.D. Pa. 2007).

## DISCUSSION

### I. Motion for Restraining Order

Federal Rule of Civil Procedure 65 provides that a "court may issue a temporary restraining order . . . only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). "The standard for granting a temporary restraining order under Federal Rule of Civil Procedure 65 is the same as that for issuing a preliminary injunction." *EXL Lab'ies, LLC v. Egolf*, No. 10-cv-6282, 2010 WL 5000835, at *3 (E.D. Pa. Dec. 7, 2010) (citing *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994)). The

movant must demonstrate "(1) a likelihood of success on the merits; (2) . . . she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Bimbo Bakers USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010). "A plaintiff's failure to establish any element in its favor renders [injunctive relief] inappropriate." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). "Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (internal quotation marks omitted). Movants face a "heavy burden," *Lane v. New Jersey*, 753 F. App'x 129, 131 (3d Cir. 2018), and "must establish entitlement to relief by clear evidence." *Doe ex rel. Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 526 (3d Cir. 2018).

Here, Ms. Gok argues that she is entitled to a restraining order because she will suffer "immediate and irreparable injury, loss, or damage" without one. Pl.'s Mot. for Restraining Order & Recons. at 3. She states, in relevant part, as follows:

> Defendants via their fraud on [the] court at the Philadelphia Family Court, and the Eastern District of Pennsylvania with their further fraudulent orders, with the order of the President of the USA, Joe Biden, again attempting to have plaintiff falsely arrested! Then they will murder Plaintiff under arrest. If the defendants murder Plaintiff outside, they will be the prime suspects, however in prison, under arrest, no one will be able to prove their murder! Without the restraining order Plaintiff would suffer "immediate and irreparable injury, loss, or damage" without the order and reasons why notice should not be required.

*Id.* (cleaned up).

Ms. Gok has not established by clear and convincing evidence that she is entitled to the "extraordinary remedy" of a temporary restraining order. *Kos Pharms.*, 369 F.3d at 708. First, Ms. Gok has not established that she is likely to succeed on the merits, in large part because it is not clear what Ms. Gok is seeking to enjoin. Further, this Court has denied Ms. Gok's motion for leave to amend her complaint because it determined that her "amended complaint would not survive a

3

motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000); *see* Doc. Nos. 30, 31, 62, 63. Thus, to the extent Ms. Gok seeks a restraining order against the conduct alleged in the complaint, she has failed to establish a likelihood of success on the merits. For these reasons, the Court will deny Ms. Gok's motion for a temporary restraining order under Rule 65(b).[1] *See NutraSweet*, 176 F.3d at 153.

## II. Motion for Reconsideration

Federal Rule of Civil Procedure 60 governs relief from a final judgment, order, or proceeding. Fed. R. Civ. P. 60(b). It provides relief for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

---

[1] Ms. Gok also appears to seek a restraining order, or a protection from abuse order, under Pennsylvania's Protection from Abuse Act. *See* 23 Pa. Cons. Stat. § 6101 *et seq.* Section 6108(a) provides that a "court may grant any protection order or approve any consent agreement to bring about a cessation of abuse of the plaintiff or minor children." 23 Pa. Cons. Stat. § 6108(a). "The Protection from Abuse Act allows certain persons to seek relief by *filing a petition with the court alleging abuse by the defendant.*" *McCullers v. Lehigh Cnty.*, No. 15-cv-3732, 2018 WL 3387380, at *11 (E.D. Pa. July 11, 2018) (citing 23 Pa. Cons. Stat. § 6106(a)) (emphasis added). Here, Ms. Gok has not shown that she properly sought relief under the Protection from Abuse Act. Instead of filing a petition for a protection from abuse order with the Pennsylvania Court of Common Pleas, as she is required to do, she filed the instant motions in federal court apparently seeking relief under the Act by citing to 23 Pa. Cons. Stat. § 6102(a). *See Petition for Emergency Relief from Abuse*, https://www.pacourts.us/Storage/media/pdfs/20210224/223207-petitionforemergencyrelieffromabuse-002809.pdf (last visited June 20, 2023); *For the Public: Civil Protection Orders*, THE UNIFIED JUD. SYS. OF PA., https://www.pacourts.us/forms/for-the-public (last visited on June 20, 2023); *Restraining Orders: Protection from Abuse Orders (PFA)*, WOMENSLAW.ORG, https://www.womenslaw.org/laws/pa/restraining-orders/protection-abuse-orders-pfa/steps-getting-pfa (last visited on June 20, 2023). Therefore, to the extent Ms. Gok seeks an order pursuant to the Protection from Abuse Act, the Court will not issue such an order under the Act.

4

Ms. Gok's motion for reconsideration does not specify under which subsection(s) of Rule 60(b) she is seeking relief. However, in her motion, she states as follows:

> Fraud on the court, or fraud upon the court, refers to a situation in which a material misrepresentation has been made to the court. Alternatively, the term could be used to refer to a situation in which a material misrepresentation has been made by the court itself. The overall defining requirement is that the impartiality of the court has been disrupted so significantly that it cannot perform its tasks without bias or prejudice. All of the judges of the Philadelphia Family Court are obligated to reverse the orders of a fraud on the court, when they refuse to do so, all of the judges are cooperating, conspiring and participating in fraud on [the] court.

Pl.'s Mot. for Restraining Order & Recons. at 2. She then argues that "[p]ursuant to Federal Rule[] of Civil Procedure Rule 60 . . . the federal courts have inherent power over fraud on [the] court [and t]his rule does not limit a court's power to . . . set aside a judgment for fraud on the court." *Id.* Because Ms. Gok sets forth arguments regarding fraud on the court and misrepresentations made to the court, the Court will construe the motion as seeking relief under Rule 60(b)(3).

Rule 60(b)(3) provides relief for fraud, misrepresentation, or misconduct. To prevail on a Rule 60(b)(3) motion, "the movant must establish that the adverse party engaged in fraud or misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983). "[T]o sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing." *Brown v. Pa. R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960). "Uncorroborated, self-serving statements do not satisfy the 'clear and convincing' standard necessary to sustain a motion under Rule 60(b)(3)." *Umansky v. Melton Int'l Tackle, Inc.*, No. 17-cv-4712, 2019 WL 5418050, at *8 (E.D. Pa. Oct. 23, 2019) (citation omitted).

Ms. Gok appears to be seeking reconsideration of (1) orders issued by the Philadelphia Family Court, and (2) executive orders issued by President Joe Biden. With respect to both categories, Ms. Gok has failed to satisfy her burden of proving fraud or misconduct with clear and

5

convincing evidence. *See Brown*, 282 F.2d at 527. Ms. Gok vaguely asserts that the Philadelphia Family Court entered fraudulent orders and held a fraudulent hearing, during which Ms. Gok avers someone tried to falsely arrest and murder her. She further asserts that the Philadelphia Family Court judges committed a fraud on the court when they failed to reverse the allegedly fraudulent orders. With regard to these instances of alleged fraud, Ms. Gok requests that the Court reverse the Philadelphia Family Court orders and provide relief to Ms. Gok and her minor child. However, Ms. Gok does not provide any factual support or evidence to prove this alleged fraud on the Court. Thus, the Court will not grant Ms. Gok relief under Rule 60(b)(3).

Additionally, Ms. Gok does not specify the Philadelphia Family Court orders of which she is seeking reconsideration. To the extent Ms. Gok seeks reconsideration of *final* orders entered by the Philadelphia Family Court, the Court lacks jurisdiction to reverse these orders under the *Rooker-Feldman* doctrine. *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010) ("*Rooker* and *Feldman* established the principle that federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments."). To the extent she seeks reconsideration of child custody orders—the likeliest scenario based on Ms. Gok's other filings—the Court must abstain from reversing these orders under *Younger*.[2] *See Mikhail v. Kahn*, 991 F. Supp. 2d 596, 623, 632 (E.D. Pa. 2014) (acknowledging the uniqueness of child custody orders compared to orders in other civil actions because of their capacity for repeated modification and holding that under *Younger*, the Court "lack[ed] the power to intervene in ongoing custody proceedings"); *Nellom v. Ambrose*, No. 22-cv-1283, 2022 WL 4120265, at *1 (E.D. Pa. Sept. 9, 2022) (providing that child custody proceedings are civil proceedings involving orders uniquely

---

[2] For a lengthier discussion of the application of *Younger* abstention rather than the *Rooker-Feldman* doctrine to the child custody and child support orders which are the subject of Ms. Gok's motions, *see* Doc. No. 59.

6

in furtherance of the state courts' ability to perform their judicial functions and thus are a "strong candidate for *Younger* abstention").

Ms. Gok also seeks relief under Rule 60(b)(3) from executive orders issued by President Joe Biden. Ms. Gok states in relevant part that

> [e]xecutive orders are issued from the executive branch of the government, specifically the U.S. President. An executive order is not a law in the sense that it does not go through the legislative process. It is not binding on everyone, only on employees of the executive branch. However, [l]ike both legislative statutes and the regulations promulgated by government agencies, executive orders are subject to judicial review and may be overturned if the orders lack support by statute or the Constitution. *Plaintiff respectfully pleads every executive order of Biden to obstruct these complaints and their investigation to be reversed by this Honorable Court.*

Pl.'s Mot. for Restraining Order & Recons. at 4 (emphasis added). In her motion seeking reconsideration, Ms. Gok fails to state with *any* specificity which executive orders she argues obstructed her complaints, or any facts which establish how such executive orders constituted fraud, misrepresentation, or misconduct. *See* Fed. R. Civ. P. 60(b)(3).

Ms. Gok has not established that she is entitled to relief under Rule 60(b)(3), thus the Court will deny Ms. Gok's motion for reconsideration.

CONCLUSION

For these reasons, the Court denies without prejudice Ms. Gok's Motions for Expedited Consideration for Restraining Order Under Federal Rule of Civil Procedure 65 and 23 Pa. Cons. Stat. § 6102(a), Reversal of the Executive Orders of the President of the United States Joe Biden, and Special Relief Reversal of the Orders of Fraud on the Court Pursuant to Federal Rule of Civil Procedure Rule 60 (Emergency Custody Order, Restraining Order, and Emergent Order for Cancellation of Child Support). An appropriate order follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE