# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAYRIYE BERIL GOK, | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| THE UNITED STATES OF | : | |
| AMERICA *et al.*, | : | |
| *Defendants* | : | **No. 22-4838** |

## MEMORANDUM

PRATTER, J.                                                                APRIL _____, 2024

   Hayrire Beril Gok—a prolific *pro se* litigant who is subject to a filing injunction in two cases—has re-packaged vague allegations of a far-reaching conspiracy between federal, state, local, and private actors to kidnap her son, murder her brother, and obstruct investigations into alleged child abuse. The federal defendants filed a motion to dismiss Ms. Gok's complaint. The Court lacks subject matter jurisdiction and dismisses Ms. Gok's complaint with prejudice.

### BACKGROUND

   At the outset of this litigation, Hayrire Beril Gok, proceeding *pro se*, averred a vast conspiracy, involving kidnapping, fraud, and murder, orchestrated by the United States Department of Justice, United States Attorney General Merrick Garland, the Federal Bureau of Investigation, FBI Director Christopher Wray, the Office of the Pennsylvania Attorney General, then-Pennsylvania Attorney General Josh Shapiro, the Office of the District Attorney of Philadelphia, and District Attorney Lawrence Krasner. Since then, Ms. Gok has consistently endeavored to expand the scope of this alleged conspiracy by seeking leave to amend her complaint 27 times. Three weeks after filing her initial complaint, Ms. Gok first sought leave to amend to include as defendants: United States President Joseph R. Biden, Pope Francis, Charles Koch,

several United States Supreme Court justices, a Philadelphia detective, two Philadelphia Municipal

Court judges, several Philadelphia Family Court judges and staff, two Pennsylvania administrative

bodies, several private attorneys, and a private law firm. After 12 further attempts to amend, the

Court denied Ms. Gok's then-most-recent motion to amend her complaint, in part "because of the

apparent frivolity of Ms. Gok's claims." Mem. Op. 5-6, Feb. 10, 2023, Doc. No. 30. The Court

explained at that time:

> Upon review of Ms. Gok's 500-page complaint and her more than
> 2,200 allegations, it is apparent that it would be futile to allow Ms.
> Gok to amend her complaint . . . It is not apparent from the complaint
> specifically what the named defendants did such that the Court can
> sustain Ms. Gok's claims against the defendants.

*Id.* at 6. Since this denial, Ms. Gok's efforts to amend her complaint have only become more

unwieldy. Her most recent proposed amended complaint: (1) contains 1,014 pages of disjointed,

rambling prose peppered with confusing legal citations; (2) seeks to add, *inter alia*, the

Philadelphia Parking Authority and Chief Justice Debra Todd of the Supreme Court of

Pennsylvania as additional defendants; and (3) expands her legal claims to include, *inter alia*,

treason, insurrection, and violations of the Racketeer Influenced and Corrupt Organizations Act.

Turning to her original complaint, the facts underlying Ms. Gok's far-reaching claims are

muddled, conclusory, and incoherent. At the beginning of her factual recitation, Ms. Gok appears

to contemplate that the present litigation is related to her prior dismissed cases—*Doe v. Mercy

Catholic Medical Center*, No. 15-cv-2085 (E.D. Pa.); *Gok v. Roman Catholic Church*, No. 20-cv-

4817 (E.D. Pa.) ("*Gok I*"); and *Gok v. Post & Schell PC*, 20-4968 (E.D. Pa.) ("*Gok II*"). She

acknowledges that, in March 2022, the presiding judge in *Gok I* and *Gok II* enjoined Ms. Gok from

filing any further civil actions against *thirty* named defendants unless she received prior permission

.

from a federal district court.[1] *Gok I*, Order at 1–2, Mar. 15, 2022, Doc. No. 118. Ms. Gok claims

that the present action does not violate this order because, as a putative medical doctor and

mandated reporter, she was required to report that "[then-Attorney General] Shapiro cooperating

and conspiring with Charles Koch, and [Philadelphia District Attorney] Krasner, kidnapped Dr.

Gok'[s] minor child in [an] attempt to obstruct the investigation of Dr. Gok's complaints and to

retaliate [against] her." Compl. ¶¶ 27–30, Doc. No. 1.

The list of co-conspirators steadily expands as the complaint continues. *See, e.g., id.* ¶ 38

(alleging involvement of Post & Schell PC and Andrea Kirshenbaum, both of whom are proscribed

defendants pursuant to the *Gok I* injunction); *id.* ¶ 48 (discussing Charles Koch's alleged control

over United States Senators Joseph Manchin and Kyrsten Sinema); *id.* ¶ 49 (discussing Charles

Koch's alleged control over United States Supreme Court Justices Brett Kavanaugh, Amy Coney

Barrett, Clarence Thomas, Samuel Alito, and Neil Gorsuch). According to Ms. Gok, "the DOJ,

[United States Attorney General] Garland, the FBI[,] and [FBI Director] Wray, decided not to

disclose the result of Dr. Gok's investigations to be able to keep the control of the US Supreme

Court Justices." *Id.* ¶ 51. Additionally, Ms. Gok avers that then-Attorney General Shapiro, Ms.

Kirshenbaum, and Post & Schell PC, a private law firm, murdered Ms. Gok's brother in order to

"obstruct the investigations of her child abuse complaint," though her brother "was supposed to be

under the protection of the DOJ and the FBI." *Id.* ¶¶ 83–87. Such extraordinary, bare allegations

are repeated throughout Ms. Gok's complaint.

From what the Court can tell, two major events recently occurred in the life of Ms. Gok:

(1) she lost custody of her child, and (2) her brother died. Compl. ¶¶ 79, 149, Doc. No. 1. These

two "events exacerbated [Ms. Gok's] Post-Traumatic Stress Syndrome, and she is suffering from

---

[1]     The Third Circuit Court of Appeals upheld this injunction. *See Gok I*, Order of U.S. Court of
Appeals at 7, Doc. No. 124.

severe fear for being murdered, or her child being hurt." *Id.* ¶ 87. The Court is unable to discern how these two events translate into a substantial civil legal claim against the ten defendants named in Ms. Gok's original complaint—let alone the scores of additional defendants named in her subsequent proposed amended complaints. The ever-expanding conspiracy evoked by her increasingly verbose proposed complaints underscores that amendment would be futile.

## LEGAL STANDARD

The Court grants a motion to dismiss where "it appears to a certainty that no relief could be granted under any set of facts which could be proved." *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (quoting *D.P. Enter., Inc. v. Bucks Cnty. Cmty. Coll.*, 725 F.2d 943, 944 (3d Cir. 1984)). The Court takes all factual allegations in the complaint as true. *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To prevent dismissal, all civil complaints must . . . set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

Courts liberally construe *pro se* complaints. *Kovalev v. Lidl US, LLC*, 647 F. Supp. 3d 319, 335 (E.D. Pa. 2022) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A *pro se* litigant does not face the same standards as parties represented by counsel. *Id.* (citing *Estelle*, 429 U.S. at 106). However, a *pro se* litigant must allege sufficient facts to state a claim. *Id.* (citing *Rivera v. Monko*, 37 F.4th 909, 914 (3d Cir. 2022)). And the rule of liberal construction does not relieve a *pro se* plaintiff of the need to comply with the Federal Rules of Civil Procedure. *See Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) ("[A] *pro se* complaint . . . must be held to 'less stringent standards than formal pleadings drafted by lawyers,' . . . but we nonetheless review the pleading

to ensure that it has 'sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face.'").

**DISCUSSION**

The Court is simply unable to discern who Ms. Gok accuses of what. She names causes of action and alleges an ill-defined, sprawling conspiracy involving kidnapping, child abuse, murder, and fraud, but she fails to make out a substantial or plausible claim that her federal rights have been violated in a manner that is cognizable within the limited jurisdiction of this Court. Leaving aside the thousands of pages of proposed amended complaints, Ms. Gok's original complaint purports to bring claims based on the Federal Tort Claims Act (FTCA), Section 1983 claims based on violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and claims for obstruction of justice against at least ten discrete defendants. The Court is unable to discern the substance of these claims.

The most intelligible claim appears to be that the FBI and DOJ as organizations were negligent in failing to stop the alleged murder of Ms. Gok's brother, which Ms. Gok claims is an actionable tort pursuant to the FTCA. *See* Compl. ¶ 88, Doc. No. 1. Even assuming that such a claim is colorable, Ms. Gok has not pled any act or omission on behalf of any individual federal employee that could form the basis of a cause of action under the FTCA. *Cf.* 28 U.S.C. § 1346(b)(1) (granting jurisdiction to the federal courts over tort claims "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment"). Instead, she simply asserts that—for some undisclosed reason—Ms. Gok's brother "was supposed to be under the protection of the DOJ and the FBI." Compl. ¶ 86, Doc. No. 1. Lacking factual averments to substantiate her negligence claim, Ms. Gok vaguely and repeatedly asserts that the defendants "committed violation[s] under the [FTCA] for property damage, personal injury, or death allegedly caused by a federal employee's negligence or wrongful act or

5

omission occurring within the scope of . . . employment." *Id.* ¶¶ 133, 139. These bare allegations fail to supply any factual material to support a claim under the FTCA.

This vagueness plagues Ms. Gok's winding complaint. Regarding her constitutional claims, she simply asserts and re-asserts that the defendants have violated her "federally protected rights under the First Amendment . . . Fourth Amendment . . . Fifth Amendment . . . Eighth Amendment . . . [and] Fourteenth Amendment." *Id.* ¶¶ 128-32, 134-39. Even construing Ms. Gok's complaint liberally, she has failed to cogently explain what actions taken by which defendants constitute violations of these constitutional provisions.

Similarly, Ms. Gok simply asserts and re-asserts that then-Attorney General Shapiro, District Attorney Krasner, and non-party Charles Koch obstructed justice by "brib[ing] the Philadelphia Family Court to obtain a fraudulent custody complaint," seizing unspecified property belonging to Ms. Gok, and "kidnap[ing] [Ms. Gok's] minor child." *Id.* ¶¶141–43, 40 ¶¶ 1–4.[2] Even if it were plausible that the Attorney General and District Attorney conspired with a private citizen to bribe the Philadelphia Family Court in order to obtain a fraudulent custody document because of an unclearly motivated vendetta against Ms. Gok, and assuming that this set of facts would constitute either the federal or state crime of obstruction of justice codified at 18 U.S.C. §§ 1501-21 and 18 Pa. Cons. Stat. §§ 5101-31, respectively, it is well-established that "a criminal statute of general applicability does not create a private right of action." *Conquest v. WMC Mortg. Corp.*, 247 F. Supp. 3d 618, 647 (E.D. Pa. 2017) (citing *Agresta v. Goode*, 797 F. Supp. 399, 409 (E.D. Pa. 1992)). Thus, Ms. Gok's complaints about "obstruction of justice" fail to make out a viable civil claim against any defendant.

---

[2] The paragraph numbering on Ms. Gok's original complaint returns to "1" at page 40.

Under the substantiality doctrine, "federal courts are without power to entertain claims otherwise in their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit[.]" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)). "A facial attack on the legal sufficiency of a claim of a federal question will succeed where the claim is 'so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy." *Kalick v. United States*, 604 F. App'x 108, 111 (3d Cir. 2015) (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)). As the United States Court of Appeals for the Seventh Circuit has explained, "if the federal courts are to remain tribunals of limited jurisdiction," it is "essential" that federal courts distinguish "'essentially fictitious' claims . . . that do not invoke federal jurisdiction and those in which a fairly debatable claim fails on the merits[.]" *Goros v. County of Cook*, 489 F.3d 857, 860 (7th Cir. 2007). Pursuant to this duty to distinguish, claims based on "bizarre conspiracy theories . . . have become prime candidates for jurisdictional dismissals." *Mina v. Chester County*, No. 14-6261, 2015 WL 6550543, at *8 (E.D. Pa. Oct. 29, 2015) (quoting *Weisser v. Obama*, No. 13-1257 RMC, 2013 WL 4525319, at *1 (D.D.C. Aug. 27, 2013)).

The Court dismisses Ms. Gok's complaint for lack of federal subject matter jurisdiction. Her federal claims are so unsubstantiated, implausible, and lacking in legal merit that they are insufficient to invoke the Court's federal question jurisdiction. Upon review of Ms. Gok's complaint and her 27 attempts to amend it, "one comes away with the impression that the government, on every conceivable level," along with a litany of prominent and obscure private individuals, "have concocted a grand scheme to literally destroy every aspect of [Ms. Gok's] life." *Mina*, 2015 WL 6550543, at *8. The Court is not callous to the apparent facts that Ms. Gok lost custody of her child and the company of her deceased brother after a period of unemployment. *See Doe v. Mercy Catholic Medical Center*, 158 F. Supp. 3d 256 (E.D. Pa. 2016) (describing Ms. Gok's

7

termination from her residency program). However, vague allegations that these hardships are the products of a vast and speculative conspiracy do not bestow jurisdiction on the federal courts.

Amendment in this case would be futile. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [she] ought to be afforded an opportunity to test [her] claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). The highly speculative, vague, and implausible conspiracy theory upon which Ms. Gok relies is not a proper subject of relief. After thirteen attempts to amend her complaint, the Court observed, "[i]t is not apparent . . . specifically what the named defendants did such that the Court can sustain Ms. Gok's claims against the defendants." Mem. Op. at 6, Feb. 10, 2023, Doc. No. 30. With the benefit of fourteen additional attempts to amend, culminating in a 1,014-page, 3,818-paragraph, 40-defendant[3] proposed amended complaint, the Court concludes that amendment would be futile.

## CONCLUSION

The Court dismisses Ms. Gok's complaint with prejudice and denies leave to amend. An appropriate order follows.

BY THE COURT:

**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**

---

[3]     This rough, conservative estimate of the unclear defendant-list proposed by Ms. Gok includes President Joseph Biden, Pope Francis, Koch Industries, five United States Supreme Court Justices, the Supreme Court of Pennsylvania, an oncologist at Johns Hopkins Hospital, a school in Michigan, a cemetery, and the City of Philadelphia. Proposed Am. Compl. at 137–140 ¶¶ 6–31, Doc. No. 75.